IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| JOSEPH MCCRAY | ) | No. 15-41446-ABF7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ERLENE W. KRIGEL, TRUSTEE IN BANKRUPTCY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| JOSEPH MCCRAY | ) | |
| LAURIE MCCRAY, | ) | |
| 12000 High Drive | ) | |
| Leawood, Kansas 66209 | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

COMES NOW Plaintiff Erlene W. Krigel, Trustee in Bankruptcy, by and through her attorneys, and for her Complaint against Defendants Joseph McCray and Laurie McCray states and alleges as follows:

ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff is the duly qualified and acting Chapter 7 Trustee in the bankruptcy proceedings of Defendant Joseph McCray.

2. Defendant Joseph McCray is the Debtor in the proceedings named above, having filed his petition for relief under Chapter 7 on May 18, 2015.

3. Defendant Laurie McCray is an individual and the spouse of Defendant and Debtor Joseph McCray.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(b)(1), §157(b)(2)(E), §157(b)(2)(N) and §1334 and 11 U.S.C. §363(h), §541, §542, and §105. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

5.     This is a core proceeding.

## COUNT I

COMES NOW Plaintiff and for Count I of her Complaint against Defendants Joseph McCray and Laurie McCray states and alleges as follows:

1.     Plaintiff restates and realleges each and every allegation contained in Allegations Common to All Counts as though fully set out herein.

2.     Amended Schedule B of Defendant Joseph McCray's Petition (which was filed on June 29, 2015) discloses a "majority interest in business". Said "majority interest" is an undivided one-half interest owned with Defendant Laurie McCray in personal property known as a 62% membership interest in JJLM, LLC. The 38% member is James Mick.

3.     From Defendant Joseph McCray's amended schedules and from his testimony at his meeting of creditors, the Plaintiff has determined that Defendant Joseph McCray has non-exempt equity in his undivided one-half membership interest in JJLM, LLC.

4.     Defendant Joseph McCray owns this interest with his spouse as joint tenants as they are Kansas residents and the asset is a Kansas limited liability company.

5.     JJLM, LLC is a Kansas limited liability company that was established with the Kansas Secretary of State on December 14, 2007.

6.     Defendants are both judgment debtors as a result of a judgment taken against the Defendants on or about February 9, 2015, in the Circuit Court of Jackson County, Missouri, Case No. 1316-CV27623, styled *James Joseph Mick v. Joseph McCray and Laurie McCray*.

7.     Defendant Joseph McCray's one-half undivided interest in the membership of JJLM, LLC is an asset of the Defendant Joseph McCray's bankruptcy estate pursuant to 11 U.S.C. §541(a)(1).

8.     Partition in kind of said one-half undivided membership interest in JJLM, LLC between

the estate and Defendant Laurie McCray is impracticable.

9. The sale of the estate's undivided interest in such membership interest in JJLM, LLC would realize significantly less for the estate than the sale of the 62% membership interest in JJLM, LLC free of the interest of Defendant Laurie McCray.

10. The benefit to the estate of a sale of said 62% membership interest in JJLM, LLC free of the interest of Defendant Laurie McCray outweighs any detriment to Defendant Laurie McCray as Plaintiff would expect to sell the entire 62% interest, retain the net proceeds, and after costs and expenses of sale attributable to Defendant Laurie McCray's interest are paid, the Plaintiff will account to Defendant Laurie McCray for her net share of the proceeds.

11. JJLM, LLC operates a car wash business at 100 Southwest Raintree Plaza Drive, Lee's Summit, Missouri, which is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power.

WHEREFORE, Plaintiff prays for judgment against Defendants Joseph McCray and Laurie McCray authorizing Plaintiff, pursuant to 11 U.S.C. §363(h), to sell the Defendants' 62% membership interest in JJLM, LLC free of the interest of Defendant Laurie McCray; to retain the net proceeds, after costs and expenses of sale, attributable to Defendant Laurie McCray's interest for administration in the bankruptcy estate; and to account to Defendant Laurie McCray for the net proceeds, after costs and expenses of sale, attributable to her interest; for Plaintiff's costs incurred herein, including her attorneys' fees, and for such other and further relief as the Court deems just and proper.

## COUNT II

COMES NOW Plaintiff and for Count II of her Complaint against Defendants Joseph McCray and Laurie McCray, states and alleges as follows:

1. Plaintiff restates and realleges each and every allegation contained in Allegations Common to All Counts and in Count I as if fully set forth herein.

2. Pursuant to Rule 7008 of the Rules of Bankruptcy Procedure, the Plaintiff may request that this Court enter a judgment against Defendants for Plaintiff's costs including, without limitation, attorneys' fees and expenses incurred in this adversary action.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendants Joseph McCray and Laurie McCray and in favor of the Plaintiff in the amount of the Plaintiff's costs including, without limitation, attorneys' fees and expenses, Court costs, and for such other and further relief as this Court deems just and proper.

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel, No. 29416
4520 Main Street Suite 700
Kansas City, Missouri 64111
Tel:(816)756-5800
Fax:(816)756-1999
ekrigel@krigelandkrigel.com
ATTORNEYS FOR PLAINTIFF