# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| JOSEPH MCCRAY | ) | No. 15-41446-ABF7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| ERLENE W. KRIGEL, TRUSTEE IN BANKRUPTCY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No.  16-04019-abf |
| | ) | |
| JOSEPH MCCRAY | ) | |
| LAURIE MCCRAY, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

COME NOW, Defendants Joseph and Laurie McCray, by and through their undersigned counsel, and for their Motion to Dismiss, or in the alternative Motion for More Definite Statement, state to the Court the following:

1.  Plaintiff, Erlene W. Krigel, Chapter 7 Trustee in Defendant Joseph McCray's bankruptcy proceeding, filed an adversary action constituting of a two (2) count Complaint on February 15, 2016 (the "Complaint").  This Court issued a summons with respect to the Complaint on February 17, 2016.

2.  Count I of the Complaint presumably constitutes the primary relief requested by Plaintiff, although the nature of said requested relief is unclear.

3.  Count II requests that the Court enter a judgment against Defendants for the costs incurred by Plaintiff in the adversary action, including attorneys' fees.

4.      Count I of the Complaint "prays for judgment against Defendants Joseph McCray and Laurie McCray authorizing Plaintiff, pursuant to 11 U.S.C. § 363(h), to sell the Defendants' 62% membership interest in JJLM, LLC free of the interests of Defendant Laurie McCray; to retain the net proceeds, after costs and expenses of sale, attributable to Defendant Laurie McCray's interest for administration in the bankruptcy estate; and to account to Defendant Laurie McCray for the net proceeds, after costs and expenses of sale, attributable to her interest; for Plaintiff's costs incurred herein, including her attorneys' fees, and for such other and further relief as the Court deems just and proper."

5.      The Complaint, with respect to the Plaintiff's requested relief in Count I, is unclear given that Count I requests relief against both Defendants in the nature of authority to sell the "Defendants' 62% membership interests in JJLM, LLC", free of Defendant Laurie McCray's interest.  Defendants cannot adequately answer the Plaintiff's Complaint without understanding whether Plaintiff is requesting authority to sell only Defendant Laurie McCray's undivided interest in JJLM, LLC, or whether it is also seeking the Court's permission to sell Defendant Joseph McCray's undivided interest in JJLM, LLC, thereby seeking the Court's permission to sell the entirety of the Defendants' 62% membership interest in JJLM, LLC.

6.      Regardless of the nature of the Plaintiff's requested relief, the Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6), made applicable to this action through Bankruptcy Rule 7012(b).

7.      If Plaintiff is, in fact, asking for authority to sell Defendant Joseph McCray's undivided interest in 62% of the membership interests in JJLM, LLC, Plaintiff has plead none of the requisite facts to support the sale of Defendant Joseph McCray's interest in JJLM, LLC, nor

has she followed the proper procedures in requesting said authority from this Court. Consequently, to the extent the Complaint requests authority from the Court to sell Defendant Joseph McCray's interest in JJLM, LLC, Count I of the Complaint must be dismissed for failing to state a claim upon which relief may be granted.

8. Similarly, Count I presumably requests relief from this Court to sell Defendant Laurie McCray's undivided interest in 62% of JJLM, LLC, pursuant to 11 U.S.C. § 363(h). While the Complaint sets forth no facts regarding the source of the offer, the terms of the offer received by the Plaintiff, or the terms or conditions of the sale of either Defendants' interest in JJLM, LLC, the Complaint merely contains numerous legal conclusions lacking factual support, and the remaining allegations do not support the alleged claim. Therefore, Count I of the Complaint requesting relief against Defendant Laurie McCray must be dismissed for failing to state a claim upon which relief may be granted.

9. Finally, the Plaintiff requests in Count II that the Defendants be taxed with costs of the adversary action, including the Trustee's attorneys' fees, pursuant to Rule 7008. In the first instance, costs and attorneys' fees are governed by Rule 7054, rather than 7008. Second, the procedure prescribed for requesting and obtaining an award of attorneys' fees is mandated in Rule 7054, and the Plaintiff's request is outside of the prescribed procedure. Third, Plaintiff would not be entitled to her attorney's fees in this action as a matter of law. Finally, should the Court dismiss Count I against the Defendants, the relief requested in Count II will be moot and should similarly be dismissed. Therefore, Count II of the Complaint must be dismissed for failing to state a claim upon which relief may be granted.

10. In the alternative, if the Complaint is not dismissed against Defendants, then this Court should require that Plaintiff plead Counts I and II with sufficient definiteness or particularity to enable Defendants to prepare a responsive pleading.

11. Defendants further incorporate their memorandum in support of the Motion to Dismiss, or in the alternative Motion for More Definite Statement filed simultaneously on this date.

WHEREFORE, Defendants Joseph and Laurie McCray pray this Court dismiss the Complaint against them, or in the alternative, sustain the Motion for More Definite Statement, for their costs and expenses herein accrued, and for such other and further relief as the Court deems just and proper.

/s/ Casey E. Elliott
Casey E. Elliott, MO Bar No. 63803
Steven R. Berry, MO Bar No. 48586
**Van Matre, Harrison, Hollis, Taylor, and Elliott, P.C.**
1103 East Broadway
P.O. Box 1017
Columbia, MO 65201
Telephone: (573) 874-7777
Fax: (573) 875-0017
casey@vanmatre.com
Attorney for Debtor/Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on the 23rd day of March, 2016, a true and complete copy of the foregoing was sent via electronic mail to those parties registered to receive electronic notice via the Court's CM/ECF system, and to the following listed party by First Class U.S. mail, postage prepaid.

/s/ Casey E. Elliott
Casey E. Elliott

Erlene W Krigel
4520 Main St., Ste. 700
Kansas City, MO 64111

Daniel J. Casamatta, email: daniel.j.casamatta@usdoj.gov
Acting U.S. Trustee, Region 13
400 East Ninth Street, Room 3440
Kansas City, MO 64106